In the Matter of Mary E. BEGLEY, Debtor.

MONEY, INC., 1307 Enquirer Building, Cincinnati, Ohio 45202, Plaintiff,

v.

Mary E. BEGLEY, 5047 Bell Isle Drive, Dayton, Ohio 45439, Defendant.

Bankruptcy No. 3–80–02691.
Adv. No. 3–80–0560.

United States Bankruptcy Court, S. D. Ohio, W. D.

Nov. 12, 1980.

Charles A. Johnson, Dayton, Ohio, for defendant.

Forest S. Heis, Cincinnati, Ohio, for plaintiff.

George W. Ledford, Englewood, Ohio, trustee.

## MEMORANDUM DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

Mary E. Begley filed on 29 August 1980 her petition, plan and schedules under Chapter 13.

In pertinent part the Plan proposes 36 monthly payments of $120.00 for distribution by the trustee to 17 creditors. The total secured debt was scheduled at $3,446.96, and the total unsecured at $6,194.53. Secured claims would receive 100% "of claims filed and allowed", all liens retained; and, unsecured claims would be paid subsequent to payment of the secured claims.

On 26 September 1980 Money, Inc. filed a Complaint objecting to confirmation of the Plan and, in the alternative, seeking possession of the collateral, a 1978 Oldsmobile.

Pursuant to the general orders of the court, the Trustee has required the Debtor to obtain proper insurance coverage, to provide adequate protection.

The value of the vehicle has been established at $3,250.00; and Plaintiff's proof of claim shows a present principal amount due of $3,055.36. The loan is also secured by Debtor's furniture, appliances and household goods.

The original date of the loan was January 8, 1980 and the first payment in the amount of $89.34 was due on February 8, 1980. $3,000.00 was the amount financed, upon which an add–on finance charge of $1,377.66 was added, plus charges for credit life insurance premiums in the sum of $109.44 and for disability insurance premiums of $172.48. The "annual percentage rate" shown on the agreement was 19.54%.

The Plan further proposes to "pay Grace McKinzie 100% of allowed secured claim", as follows:

$650.00—Trustee to take possession of wedding and engagement ring that creditor is holding as collateral, and return ring to debtor upon payment of claim."

The Plan proposes to pay this claim as a super priority ahead of all other claims.

There is no evidence that this claim is in fact, a secured claim. The claimant filed an unsecured proof of claim on 25 September 1980, wherein the Debtor's Plan was rejected.

## DECISION

Plaintiff bases its complaint on the scheduled valuation shown for the vehicle, and "objects to no provision in the Plan for interest at the rate of 15% which is the cost to this secured creditor of the loan proceeds outstanding . . . ."

We note that the secured claim is oversecured, in that the value of the collateral exceeds the balance claimed. We note also that the Proposed Plan accelerates the loan pay off date. Hence we find that the Plan not only affords adequate protection but, also would provide more than the required indubitable equivalence conformably to this courts prior decision in *General Motors Acceptance Corporation v. Anderson*, (1980, at Dayton), 6 B.R. 601, Case No. 3–80–01249, Adv. No. 3–80–0323, if it had not been made subordinate to the McKinzie claim.

Inasmuch as the Plan does not propose to modify the consensual finance charge, the contractual rate must be paid, which must be reduced to the rate per annum of 11.5% for administrative purposes, upon confirmation of the Plan.

■ Even though Chapter 13 does not adopt the absolute priority rule, as such, the rights of secured creditors are given a higher status than the unsecured, as reflected in the provisions of 11 U.S.C. § 1325. Hence, an unsecured claim cannot be classified higher than allowed secured claims whenever a secured, as herein, has been impaired.

■ Because the Plaintiff's claim is made subordinate to a $650.00 unsecured claim, however, there could be no payments made by the Trustee on the claim for at least six months. We find that this feature impairs the secured claim for the benefit of a junior class and conflicts with the provisions of 11 U.S.C. § 1322(b)(4).

Under Section 1322(b)(4) payments to the unsecured creditors can only be elevated "to be made *concurrently* with payments on any secured claim." To meet the "indubitable equivalence" test, therefore, payments on a secured claim must be accorded such a fair and equitable standing.

For the purpose of enabling the Debtor to propose an amended Plan, further time should be afforded before requiring her to relinquish possession of the motor vehicle in question since the Plaintiff is adequately protected.

*ORDERED, ADJUDGED AND DECREED,* that confirmation of the Proposed Plan at issue should be, and is hereby, denied.

*ORDERED,* that the Debtor is hereby granted leave for two weeks to submit an amended Plan.

*ORDERED, ADJUDGED AND DECREED,* that possession of the motor vehicle at issue be surrendered by Defendant to Plaintiff at the end of two weeks if an amended Plan has not been previously filed.